IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT D. JOHNSTON and
MELANIE K. JOHNSTON                                          PLAINTIFFS

            v.            Civil No. 06-3002

JASON BRISCO, et al.                                         DEFENDANTS

## O R D E R

Currently before the Court is **Separate Defendant Trish Smith's Motion to Quash Service in her Individual Capacity (Doc. 31)** and the pro se plaintiffs' **Response (Doc. 43)**. The Court finds and orders as follows with respect thereto:

1. Plaintiffs bring suit against Smith in her individual capacity and in her official capacity as the Boone County Supervisor for the Arkansas Department of Human Services ("DHS"). On January 9, 2006, plaintiffs served Smith in her official capacity by serving an employee of the Benton County DHS with a summons and a copy of the complaint. (Doc. 16.) On that same date, plaintiffs delivered another copy of the complaint and a summons issued to Smith in her individual capacity on the same DHS employee. (Doc. 17.)

2. The Arkansas Attorney General's Office has entered an appearance for Smith in her official capacity and moves to quash service in Smith's individual capacity. The basis for the motion is that Smith is no longer employed by DHS and has not been personally served with a summons and copy of the complaint.

3. Plaintiffs attempt to serve Smith in her individual capacity by service at her former place of employment was ineffective. A state official sued in his or her individual capacity must be personally served in the manner prescribed by Rule 4(e) of the Federal Rules of Civil Procedure. Without such personal service, a district court is without jurisdiction to render judgment against a defendant. See <u>Friedman v. Estate of Presser</u>, 929 F.2d 1151, 1156 (6th Cir. 1991).

4. Accordingly, the **Motion to Quash Service in Smith's Individual Capacity (Doc. 31)** is **GRANTED**. The United States District Court Clerk's Office is directed to re-issue a summons to Smith in her individual capacity. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiffs have 120 days from the filing of the complaint to personally serve Smith.

IT IS SO ORDERED this 27th day of February 2006.

<u>/S/JIMM LARRY HENDREN</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE