IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT D. JOHNSTON; and
MELANIE K. JOHNSTON                                                           PLAINTIFFS

        v.                              Civil No. 06-3002

JASON BRISCO, in his official
capacity as an officer of the Harrison
Arkansas Police Department and in his
individual capacity; et al.,                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss filed by Movants separate defendants Judge Gordon Webb, Judge John Putman, Judge Gary Isbell, James Johnson, investigator/family services worker, Arkansas Department of Human Services, Division of Children and Family Services, in their official and individual capacities, and Trish Smith, supervisor, Arkansas Department of Human Services, Division of Children and Family Services, in her official capacity[1] on January 24, 2006. (Doc. #26). The plaintiffs responded to the motion on February 16, 2006 (Doc. 45). The motion was referred to the undersigned for report and recommendation by order entered on April 12, 2006. (Doc. #55).

---

[1] Trish Smith, in her individual capacity, filed a motion to quash service. (Doc. 31). The motion was granted by order entered on February 27, 2006 (Doc. 47), and summons reissued that same day. On April 19, 2006, plaintiffs filed what they entitle a notice of wavier of service of summons upon defendant Trish Smith in her personal capacity. (Doc. 58). They ask that the court enter an "Order amending and omitting from docket Defendant Trish Smith in Her Personal Capacity."

-1-

## BACKGROUND

Plaintiffs bring this case under the provisions of 42 U.S.C. §§ 1883, 1985, 1986, and 1988.[2] They maintain their First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights have been violated. Plaintiffs also purport to assert a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) and supplemental state law claims.

The allegations of the complaint are at best difficult to follow. However, the following can be gleaned from the complaint. Plaintiffs are White American citizens who allege that defendants have engaged in systematic discrimination designed to intimidate and discourage them in the pursuit of due process and the pursuit of freedom, happiness, and free speech. *Complaint* at ¶¶ 9-10. In January of 2004 and January of 2005, plaintiffs allege the defendants deprived them of their constitutional rights. *Id.* at ¶ 24.

On January 3, 2004, plaintiff allege that while traveling on Highway 65 they were forcibly detained and threatened by officers of the Harrison Arkansas Police Department. *Complaint* at ¶ 25. The incident apparently began with a traffic stop. When Harrison Police Officer Jason Brisco told Robert Johnston to exit the vehicle, Johnston asked for an explanation at which time he alleges Brisco became threatening. *Id.* at ¶ 31.

Plaintiffs allege they were pursued by officers for two hours before their vehicle was disabled by gunfire and they fled on foot. *Exhibit* 1. Plaintiffs assert they were pursued by all terrain vehicle, dogs, and helicopter. *Id.* Plaintiffs' children, who were age two and age six at the time, were apparently with them. *Id.*

---

[2]Plaintiffs also mention violations of 42 U.S.C. § 1988. Section 1988 does not provide for a separate cause of action. *See e.g., Rose v. Kenyon College*, 211 F. Supp. 2d 931, 939 (S.D. Ohio 2002). Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Id.*

Plaintiffs were apparently taken into custody and bail set in the amount of $150,000 for Robert and $25,000 for Melanie. *Id.* at ¶ 48. Plaintiffs contend the bail amount was excessive. *Id.* Plaintiffs were apprehended the following evening. *Id.* Plaintiffs were both convicted of aggravated assault on an officer as a result of this incident. *Exhibits* 1 & 2. Robert Johnston was sentenced to a term of imprisonment of three years. *Id.*

On January 3, 2005, plaintiffs allege they and their children were unlawfully imprisoned by the Boone and Baxter County defendants. *Complaint* at ¶ 26. Plaintiff apparently were charged with a crime because they had a pistol in their vehicle. *Id.* at ¶¶ 28-29.

Plaintiffs' children, Dale and Rachel, were apparently taken into custody by the Arkansas Department of Human Services, Boone County Division of Children and Family. *Complaint* at ¶ 51. Plaintiffs allege defendants James Johnson and Trish Smith coordinated the removal of Dale and Rachel from the plaintiffs' home prior to their being officially booked in. *Id.* at ¶ 52. Despite the local availability of the grandparents to care for the children, plaintiffs allege the children were placed into foster care. *Id.* at ¶¶ 53-54. The children remained in foster care for five days on a "72 hour hold" although during some portion of this period of time Melanie was free on bond. *Id.* at ¶ 55.

Plaintiffs were granted extended home visitation beginning immediately after the hearing. *Id.* at ¶ 60. Plaintiffs allege the children endured five weeks of being shuffled around in foster care. *Id.* at ¶ 62.

Plaintiffs state their checkbook was confiscated by the Boone County Sheriff's Office but never returned. *Complaint* at ¶ 63. Plaintiffs assert that other items that were in their vehicle were confiscated and only some of the items have been returned. *Id.*

Plaintiffs allege Judge Gordon Webb set a bond even more extreme, $350,000 for each of them, in May of 2005 when plaintiffs were again jailed after being arrested for failing to appear for a court date. *Id.* at ¶¶ 48-50. It is alleged that bond in the amount of $100,000 was set for each of the plaintiffs on the failure to appear charge by Judge John Putman. *Id.* at ¶ 49.

It is alleged that an indictment was issued by Fred Kirkpatrick, a prosecuting attorney for Boone County, Arkansas, based solely on a false affidavit made by Brisco. *Complaint* at ¶ 33. A probable cause order was signed by Judge John Putman. *Id.* Plaintiffs allege neither Kirkpatrick or Judge Putman spoke to them although they were being held in the Boone County Jail. *Id.* Plaintiffs assert they were being held illegally and were not informed of the charges against them or of their rights. *Id.* at ¶¶ 33-34.

In fact, plaintiff assert they did not know what charges had been brought against them until they appeared in court the following week. *Complaint* at ¶ 37. Plaintiffs allege they hired a series of attorneys Johnny Nicholls, Erwin Davis, Michael Dodson, and Joseph Paul Smith. *Id.* at ¶¶ 39-46. However, plaintiffs allege that none of these attorneys properly represented them. *Id.* at ¶¶ 39-46. In fact, in representing them in the juvenile court before Judge Gary Isbell, plaintiffs allege Nichols signed documents stating the State of Arkansas could retain custody of the Johnston children due to the parents' continued incarceration. *Id.* at ¶ 41. Plaintiffs allege everyone including Judge Isbell knew the plaintiffs were no longer incarcerated. *Id.*

## DISCUSSION

Movants contend: (1) the claims against them in their official capacities are barred by sovereign immunity and the Eleventh Amendment to the Constitution of the United States; (2)

AO72A
(Rev. 8/82)

Judge Webb, Judge Putman, and Judge Isbell maintain they are entitled to absolute judicial immunity; (3) the complaint fails to state a claim upon which relief may be granted against James Johnson in his individual capacity; (4) plaintiffs' criminal convictions bar these claims; and (5) plaintiffs cannot show the elements essential for a violation of RICO. For the reasons discussed below, we agree.

First, plaintiffs' claims against Judge Webb, Judge Putman, and Judge Isbell in their official capacities are subject to dismissal. "[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001).

Second, to the extent plaintiffs are attempting to assert claims against the State of Arkansas those claims are also subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342, 99 S. Ct. 1139, 1146, 59 L. Ed. 2d 358 (1979)).

-5-

Similarly, plaintiffs' claims for monetary damages against James Johnson, in his official capacity as an investigator for the Arkansas Department of Human Services (DHS), and Trish Smith, in her official capacity as a supervisor for the DHS, are subject to dismissal. The Eleventh Amendment prohibits § 1983 suits seeking monetary damages from individual state officers in their official capacities. *Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). The civil rights damages claims against the DHS officials are barred either by sovereign immunity or because in their official capacities the individuals are not considered to be persons for purposes of the civil rights statutes. *See Murphy v. State of Arkansas*, 127 F.3d 750 (8th Cir. 1997). *See also Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003)(Tennessee Department of Children's Services was considered "the state" for purposes of § 1983 and officials of that department were not persons subject to suit under § 1983 when sued in their official capacities).

The Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials. *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). "The doctrine of *Ex parte Young* is based on the idea that the power of federal courts to enjoin continuing violations of federal law is necessary to vindicate the federal interest in assuring the supremacy of that law." *In re SDDS, Inc.,* 97 F.3d 1030, 1035 (8th Cir. 1996). *See also Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253 (8th Cir. 1995).

However, if the remedy sought by the plaintiffs is merely a declaration that the state official violated federal law in the past, sovereign immunity bars the claim. *Green v. Mansour,* 474 U.S. 64, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985). In this case, plaintiffs are clearly attempting to remedy a past wrong. Accordingly, their claims for injunctive relief against the individually named state officials are barred.

AO72A
(Rev. 8/82)

Third, the defendant judges, Judge Webb, Judge Putman, and Judge Isbell, are absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

AO72A
(Rev. 8/82)

Plaintiffs do not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent plaintiffs seek injunctive relief their claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Fourth, to the extent the plaintiffs challenge their convictions, the claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that claims for damages for "allegedly unconstitutional conviction or imprisonment, or for

-8-

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. *See also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996)(collecting cases applying *Heck* to actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)(a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* action). This is true even if plaintiffs' time for filing state post-conviction motions has passed. *See e.g., Cunningham v. Gates*, 312 F.3d 1148, 1153 n. 3 (9th Cir. 2002)(noting *Heck* barred § 1983 claims despite fact that habeas relief was time-barred).

Fifth, plaintiffs claims under 42 U.S.C. § 1985 fail. As the Supreme Court noted in *Kush v. Rutledge*, 460 U.S. 719, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983), § 1985 prescribes five types of conspiracies that interfere with:

> (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections.

*Kush*, 460 U.S. at 724.

The first subpart, § 1985(1), deals with a conspiracy to prevent an federal officer from performing his duties. 42 U.S.C. § 1985(1). It requires a conspiracy between two or more

AO72A
(Rev. 8/82)

persons in any state to prevent a person from holding office under the United States or from discharging his duties. This subpart is obviously inapplicable to plaintiffs' claims.

The first clause of subpart two, § 1985(2), deals with conspiracies to obstruct justice in any court of the United States or to intimidate a party, witness, or juror. The second clause of subpart two, § 1985(2), deals with conspiracies to obstruct justice in any state court. *Coleman v. Garber*, 800 F.2d 188, 190 (8th Cir. 1986). It provides as follows: "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2).

Plaintiffs clearly fail to "state a cause of action under the second part of section 1985(2) because [they] fail to allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Coleman*, 800 F.2d at 191 (*quoting Kush*, 460 U.S. at 726, 103 S. Ct. at 1487).

The first clause of subpart three, § 1985(3), deals with conspiracies to interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws." "To prove a § 1985(3) claim: [A] complaint must allege that the defendants did (1) 'conspire . . . ' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any

AO72A
(Rev. 8/82)

act in furtherance of the object of the conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'" *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996)(*quoting Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971)).

The conspiracy must be shown to be "fueled by some 'class-based, invidiously discriminatory animus.'" *Andrews*, 98 F.3d at 1079 (*quoting Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34 (1993)). Here, plaintiffs have not alleged that the defendants acted with class-based animus. Further, plaintiffs have not alleged they are a member of a protected class. As class-based animus is an element of a cause of action under 42 U.S.C. § 1985(3), plaintiffs' claim is subject to dismissal.

Sixth, plaintiffs' claims under § 1986 are also subject to dismissal for failure to state a claim. Liability under 42 U.S.C. § 1986 is based upon a defendant's neglect or refusal to prevent a § 1985 conspiracy. *See Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001), *citing Brandon v. Lotter*, 157 F. 3d 537, 539 (8th Cir. 1998); *see also Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004)(a section 1986 claim must be predicated upon a valid section 1985 claim).

Seventh, we agree that the plaintiffs have failed to state a cause of action under RICO against the Movants. Section 1962(c) of RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "Section 1964(c) allows a private party, who has been injured in his property from a RICO violation, to sue for damages." *Wisdom v. Fist Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999). "To state a RICO claim, the [plaintiffs]

-11-

must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Id.* (*quoting Sedima, S.P.R.L. V. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985)).

For a pattern to exist there must be at least two acts of racketeering activity. 18 U.S.C. § 1961(5). These acts must be related and must "amount to or pose a threat of continued criminal activity." *United Healthcare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 571 (8th Cir. 1996)(citation omitted). In defining racketeering activity § 1961(1) lists the various predicate acts that will support a RICO claim. 18 U.S.C. § 1961(1).

Here, plaintiffs allege that the defendants' racketeering activity consists of violating the constitutional rights of citizens, including the denial of due process to females and citizens, causing families and citizens to expend time for court appearances and court costs, fines, or fees as a result of unlawful arrests, discouraging investigations of allegations of unlawful racial profiling, and using inconspicuous probable cause reasons to make investigations involving minorities and pro se litigants.[3] *Complaint, Count VI, RICO Violation.* The Movants are the three state court judges involved in some aspect of handling either the criminal charges against the plaintiffs or with respect to the custody of plaintiffs' children and the two DHS workers involved. None of the Movants were involved in making the arrests at issue or brining criminal charges against the plaintiffs. Plaintiffs' RICO claims fail because they have not allege the existence predicate acts that may constitute racketeering activity under RICO. Moreover, there is no suggestion that the predicate acts amount to, or pose a threat of, continued criminal activity.

---

[3] In paragraph 146 of the complaint, plaintiffs refer to "Plaintiff Bishop Vaughn, Sr. a Black American male citizen." However, Mr. Vaughn is not a named plaintiff and the court assumes this reference to him is in error.

-12-

## **CONCLUSION**

I therefore recommend that the motion to dismiss (Doc. 26) be granted and that all claims against Judge Gordon Webb, Judge John Putman, Judge Gary Isbell, James Johnson and Trish Smith be dismissed.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)