IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT D. JOHNSTON and                                                   PLAINTIFF
MELANIE K. JOHNSTON

     v.                    Case No.   3:6-CV-3002-RTD

JASON BRISCO, ET. AL.                                                        DEFENDANT

**ORDER**

     The Plaintiff has filed a Motion to Compel a Response to Interrogatories (Doc.157) on January 4, 2007. The Defendants, Danny Hickman and Jason Day, filed their Response in Opposition to the Motion (Doc.158) on January 5, 2007, and the matter has been referred to the undersigned for disposition. (Doc.159)

     **Rule 26(b)(1)** authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." **Fed. R. Civ. P.26(b)(1)**. The term "relevance" is broadly construed, and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.;* **Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, 103 F.3d 1007, 1012 (D.C.Cir.1997)**;

     In this case the Plaintiff has propounded a number of Interrogatories as set forth in his Motion to Compel. While the Defendants, Danny Hickman and Jason Day, contend that they have fully responded to the Interrogatories they have not attached copies of the responses for the court. Upon reviewing the Motion to Compel the court finds that some of the Interrogatories should be answered, some should be answered as modified and some should be denied.

That Court finds that **Interrogatory No. 2** is vague and imprecise and does request some information that is not relevant. The request also covers a time period that is overly broad.

The Court will modify the Interrogatory as follows: "Please give the names, addresses and telephone numbers of all employers for whom you have worked for the last five years, including the beginning and ending dates of each employment, a description of your job and the reason for termination."

The Court finds that this Interrogatory, as modified, is relevant or could lead to the discovery of admissible evidence and the Court orders this interrogatory, as modified, to be answered within 20 days by defendants, Danny Hickman and Jason Day.

The Court finds that **Interrogatory No. 3** is denied at this time. It may be reconsidered at a later time if shown to be relevant.

The Court finds that **Interrogatory No. 4** is not relevant and overly broad and is therefor denied.

The Court finds that **Request for Production No. 6** is overly broad and is denied as stated.

The Court will modify the Interrogatory to read "Please provide a copy of the jail inmate phone log, by whatever name it is called, for January 5, through January 9, 2004.

The Motion as to this Interrogatory, as modified, is hereby granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to respond.

The Court finds that **Request for Production No. 8** is relevant or could lead to the

discovery of admissible evidence. The Court, however, will modify the Interrogatory, to read "Please provide a copy of the jail's dietician's report on inmate meals, by whatever name it is called, for the time period the Plaintiff was incarcerated."

The Motion as to this Interrogatory, as modified, is hereby granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to respond.

The Court finds that **Interrogatory No. 5** is overly broad and should be denied as stated. The court, however, will modify the Interrogatory to state: "Please list all lawsuits of a similar nature in which you have ever been involved as a party, giving the approximate filing date and the court in which it was filed."

The Motion as to this Interrogatory, as modified, is hereby granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to respond

The Court finds that **Interrogatory No 6** as stated is overly broad. The Court, however, will modify the Interrogatory to state "have you ever been convicted of a felony or a misdemeanor (other than a traffic violation)?  If your answer is in the affirmative, please state the nature of the charge, the approximate date of the conviction, and the disposition, including any fines, penalties or time served in jail or prison."

The Motion as to this Interrogatory, as modified, is hereby granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to respond.

The Motion as to **Interrogatory No. 9** is granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to answer.

The Motion as to **Request for Production No. 12** requesting copies of any reports of the

shooting is granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to answer.

The Motion as to **Interrogatory 12** requesting disclosure of the identity, if known, of any individual who "threw a rock" at the Plaintiff's car on January 2, 2004 is granted. The Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to answer.

The Motion as to the **Request for Production No. 13** is granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to respond.

The Motion as to the **Request for Production No. 14** will be granted in part and denied in part. The court denies the request to require the Defendants to provide written copies of four days of dispatcher traffic. The court will grant the request to provide audio copies of the dispatcher traffic. The reasonable costs of providing such tapes will be assessed against the Plaintiff.

The Defendants are further ordered to provide the names and telephone number of every dispatcher on duty during the days of January 3-5, 2004, and April 8, 2005.

The Motion as to **Interrogatory No. 13** is denied as stated. The Court will amend the interrogatory to strike the clause where "show of force against the Johnstons" has been stated. The Motion as to this Interrogatory, as modified, is hereby granted and the Defendants, Danny Hickman and Jason Day, are allowed 20 days within which to respond.

The Motion as to **Interrogatory No 15** as stated is denied. The Court will amend the interrogatory to strike the clause where "show of force against the Johnstons" has been stated. The Motion as to this Interrogatory, as modified, is hereby granted and the Defendants, Danny

Hickman and Jason Day, are allowed 20 days within which to respond.

The Motion as to **Interrogatory No. 14** is denied as irrelevant.

The Motion as to **Interrogatory No 16** is denied as irrelevant.

The Motion as to **Request for Production No. 16** is denied at this time.

The Request for **Production No. 17** is denied.

IT IS SO ORDERED this 26th day of January 2007.

                                                                /s/ J. Marschewski
                                                            Honorable James R. Marschewski
                                                            United States Magistrate Judge