IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT D. JOHNSTON; and
MELANIE K. JOHNSTON                                                              PLAINTIFFS

        v.                              Civil No. 06-3002

JASON BRISCO, in his official
capacity as an officer of the Harrison
Arkansas Police Department and in his
individual capacity; et al.,                                                          DEFENDANTS

**<u>ORDER</u>**

    Before the court for decision are the following motions: (1) the motion to compel filed by the plaintiffs on February 2, 2007 (Doc. 179); (2) the motion to compel filed by the Boone County defendants on February 23, 2007 (Doc. 193); (3) the motion to compel filed by the plaintiffs on February 23, 2007 (Doc. 199); and (4) a motion for an extension of time filed by the plaintiffs on February 28, 2007 (Doc. 201).

    In the first motion to compel (Doc. 179), the plaintiffs seek to compel Danny Hickman, the Boone County Sheriff, to provide more specific responses to questions posed to him during his deposition. Specifically, plaintiffs ask the court to compel Hickman to state: (1) from whom he received the report which prompted the lock-down of the Boone County Courthouse on April 8, 2005; and (2) what information he received that prompted the lock-down. Plaintiffs indicate Hickman would only state that he had received the report of the alleged threats from someone at the prosecutor's office but he did not know who. Plaintiffs also ask the court to compel the prosecuting attorney's office to: (1) identify the source of the report which alleged a threat; (2)

-1-

specify precisely and completely the information received from that source; and (3) produce any and all documentation which supports their responses.

In response, Hickman first notes that he answered the deposition questions under oath and his responses serve as his sworn testimony. (Doc. 182). Hickman maintains the motion to compel is simply plaintiffs' attempt to take a second bite at the apple and follow up with questions they failed to ask during the deposition.

Second, the Boone County defendants note that no representative of the Boone County Prosecuting Attorney's Office has been deposed regarding this case. They note that the proper way for plaintiffs to obtain responses to specific questions is for the plaintiffs to take a deposition from a representative of the prosecuting attorney's office who has specific knowledge of the requested information.

The motion to compel (Doc. 179) is denied. First, with respect to Hickman, the court cannot compel Hickman to provide the plaintiffs with information he does not have. While plaintiffs believe this answer was "evasive," it was given by Hickman under oath. Plaintiffs concede Hickman answered the questioning by stating simply that he did not know who from the prosecutor's office gave him the report.

Second, with respect to the prosecutor's office, it appears the plaintiffs are utilizing the motion to compel to conduct discovery. Plaintiffs do not indicate that a representative of the prosecuting attorney's office has failed to respond to discovery or has refused to answer questions at a deposition.

The Boone County defendants filed a motion to compel on February 23, 2007 (Doc. 193). Defendants state they propounded interrogatories and requests for production of documents to the

-2-

plaintiffs on September 15, 2006. To date, defendants state they have not received plaintiffs' responses or any communication from the plaintiffs regarding their responses.

Under the Federal Rules of Civil Procedure, plaintiffs had thirty (30) days to respond to the discovery requests. Fed. R. Civ. P. 33(b)(3) & 34(b). Plaintiffs did not request an extension of time to respond to the discovery requests. Therefore, plaintiff has failed to respond in the time provided by law.

Accordingly, defendants' motion to compel (193) is granted. Plaintiffs are directed to provide defendants with the required responses to the discovery requests **by 5:00 p.m. on March 12, 2007.**

On February 23, 2007, the plaintiffs filed a motion to compel further discovery from the Boone County defendants (Doc. 199). Plaintiffs' motion does not identify the specific recovery requests at issue. However, from reviewing the motion, it appears plaintiffs seek to compel further responses and/or the production of the following: (1) the jail log for the days in 2005 when the plaintiffs were incarcerated in the Boone County Detention Center; and (2) the chapters from the Sheriff's manual covering pursuits.

In response, defendants state that on February 12, 2007, they provided plaintiffs with a supplemental response to their previous request for a copy of jail logs and their "repeat requests for production" of the jail logs for specific dates and times in 2004 and 2005. Defendants indicate they forwarded to the plaintiffs a complete set of jail logs for all twelve months in the year 2004 and for the months of January through August of 2005 which cover all dates identified by the plaintiffs. Defendants do not address plaintiffs request for the chapters or portions of the Sheriff's manual covering pursuits.

AO72A
(Rev. 8/82)

The motion to compel (Doc. 199) is denied in part and granted in part. Defendants are directed to provide the plaintiffs with any policy, manual, or other written instructions the Sheriff's department has on the handling of vehicular pursuits. Defendants are directed to provide plaintiffs with the required responses to the discovery requests **by 5:00 p.m. on March 12, 2007.**

On February 28, 2007, the plaintiffs filed a motion for an extension of time (Doc. 201) to file their response to the City defendants summary judgment motion (184). Plaintiffs request that they be given until March 5, 2007, to file their response. The motion for an extension of time (Doc. 201) is granted.

IT IS SO ORDERED this 1st day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)